Counsel, we'd like to thank you on behalf of the Court for taking this case pro bono. My pleasure, Your Honor. Thank you. May it please the Court, William Siedleck on behalf of Appellant Harold Edwards, I'd like to reserve two minutes for rebuttal. All right. Mr. Edwards never received the required notice under this Court's en banc decision in Rand v. Roland, which provides a substantial right to pro se prisoner litigants to know what they must do to oppose summary judgment. This hampered Mr. Records from Mr. Edwards from compiling a proper summary judgment record. This Court must reverse. Counsel, before we go any further, is this case moot? No, Your Honor, for two reasons. One, Mr. Edwards still has a potential claim for equitable remedies. He has been moved several times and the district court never had the chance, never had the opportunity to examine whether he still has a reasonable fear of being returned to Southern Desert Correctional Institute, to one of the older cell blocks. Also, he is continuing to pursue nominal damages. So, let's delve into those. So, why is it that a claim for equitable remedies would defeat mootness? Yes, Your Honor. Because Mr. Edwards could still potentially receive an injunction if the district court were able to examine and then find. What would the injunction be? Because he's not in a cell that doesn't have what he considers to be inappropriate fire prevention. Yes, Your Honor. It would be, the injunction would be that preventing the state from moving him back to one of the older cell blocks. But does either of these defendants control transfers? I mean, the defendants that you've named in this action? Your Honor, presumably, again, these are things that the district court could look at on remand. But presumably, the direction. The record as it stands now. So, tell us the answer to that question on the record. The record as it stands now is unclear as to who has actual control. And again, these are things that could be examined by the district court on remand. But ultimately, the issues that Mr. Edwards is presenting here also are still bound up with his claim for nominal damages. So, nominal damages. The difficulty I have with that is the cases that you cited include circumstances where there had already been proof of an injury. And then nominal damages would be the remedy for that. But that's not what we have here. So, how could the existence of potential nominal damages defeat mootness? And give me a case, if you will, that supports that proposition. Sure, Your Honor. All of this is bound up in the issue of the rand notice. Mr. Edwards didn't receive, didn't have the opportunity. We have to get through mootness before you get to the rand notice. So, if this case is moot, it doesn't matter about whether or not the rand notice is proper. Sure, Your Honor. Because if there's no remedy that can be given, then the case should be, the appeal should be dismissed. Would you agree? Well, Your Honor, ultimately, there needs to be a summary judgment record, a proper summary judgment record, before the court can get to the question of remedies. Right. But right now, we're at the question of mootness. Yes. So, the question I had was, what case do you have that says nominal damages in the abstract, absent a judgment, defeats mootness? Your Honor, the best case that I can think of and point to would be the Supreme Court's recent Usaboonim case. Which one? The Supreme Court's Usaboonim case.  Yes, which we cite in our brief. Did that involve nominal damages pre-liability finding? Your Honor, I would have to go back and look, and I can provide you an answer on rebuttal. Can I ask you to go back to the injunctive relief mootness question?  So, the defendants cite this Department of Corrections Administrative Regulation 552, which says that it's the Deputy Director of Programs and the Offender Management Administrator who are responsible for transfer, and not the defendants that you've named here. Are they, so that, I mean, that's not a question of the record. That's just a question of Nevada administrative law, I suppose.  Do you think they're wrong about that? Well, Your Honor, these are, ultimately, these are questions that can and should be addressed on remand. If the court below, if the district court were able to conclude that there isn't a proper defendant here, then the court could simply dismiss. But I guess my question is, if we were to remand, I mean, it's a pure question of law. So, if we were to remand, would you make some argument to the district court that these defendants do have control over transfers? And if so, what would that argument be? Ultimately, Your Honor, it's a question that hasn't been fleshed out, and at least not with the current record. And so, it's something that, on remand, that Mr. Edwards' attorney would. But, I mean, don't, I mean, I think what that amounts to is a suggestion that we should ignore the issue for now and let the district court deal with it after remanding. And then the remand would have to involve our making a determination that the district court was wrong on the merits. And I don't, how can we do that when the question you're asking us to skip over goes to whether there's federal jurisdiction? You don't have to get to the question of whether the district court is incorrect on the merits. All you simply need to do is recognize that Mr. Edwards didn't have the opportunity to build a proper record, which includes questions about mootness, includes questions about whether he has a reasonable fear of being returned to the prior prison, just given the number of times that he has been moved around by the state. And ultimately, again, these are questions that are very bound up and record-based. And I just, I think it would be premature for this court to jump in before these issues have been fully fleshed out in the record by the district court. This court's specific instructions in Rand entitled Mr. Edwards to notice of the consequences of having summary judgment entered against him and the steps that he needed to take to oppose the government's motion. And the government's withholding that notice here compels reversal without undertaking a harmless error analysis. And this lack of notice prejudiced Mr. Edwards' ability to point to a factual dispute about whether one defendant had subjective knowledge of his conditions and his complaints. When you look at Rand, and it has this very curious appendix that's like a Miranda warning except longer.  And then you look at the section of your client's district court filing, his opposition to summary judgment, and he has a section standard for summary judgment. And it seems like just about everything that's in the Rand appendix is in that section of his brief. So what would you point to to show that having given him the Rand notice would have led him to do something different? Yes, Your Honor. The fact that even though he cites, even though he parrots back word for word essentially the government's summary judgment standard in their brief, he doesn't then actually follow the practice under Rule 56. Most notably, he cites, he instructs the district court to consider all of his pleading, the facts alleged in his pleadings and motions as evidence. And he also generally cites, makes general assertions about, for example, there being no prison in the country that is not up to fire safety code. So even though he does write out a summary judgment standard, he still never received the directions in plain English. And he's demonstrated just through his papers that he actually didn't understand, have a comprehensive understanding of how to undertake. I think that's a very fair point. I don't dispute that he did not have an understanding of how it all worked. But, I mean, maybe this is a criticism of Rand. The Rand notice does not make sure that he understands that it all, understands how everything works. It just gives him the notice. And when he has written out something that is essentially the same as what the notice would be, there may be a lack of understanding, but that doesn't seem like something that would be fixable by the notice. Well, Your Honor, Rand itself actually engaged with a similar situation where the pro se party in Rand had also cited, had also been given by the district court, if I'm remembering correctly, basically a summary judgment standard with citations to cases much like you would see in a brief. And this court still in Rand concluded that that was insufficient because it was not in plain English. It was not phrased in a way that the court could be sure that the party actually had a comprehensive understanding of what needed to be done to oppose summary judgment. And ultimately, it's a prophylactic rule to ensure that pro se parties are truly on notice about what they need to do to ensure that we don't end up with situations like this where we have an undeveloped factual record and we're even having to really work through even issues of mootness, which are so tied up with the record. And also, too, the district court itself made specific findings about Mr. Edwards' inability to investigate and litigate this case. When the district court itself authorized the appointment of pro bono counsel below, who unfortunately never was appointed, the court recognized that Mr. Edwards had an inability to understand legal standards. But how would the Rand notice cure that? That's the difficulty. The Rand notice is calculated to tell what the standards are, but nothing about the Rand notice is supposed to inform the pro se litigant about what any of that means. So why would giving the Rand notice improve his ability to understand what he needed to do? It would be phrased in a more simple and direct way for the party to understand that he had, specifically in Mr. Edwards' case, that he couldn't just make generalizations about how the court should just examine the totality of his pleadings in motion. But if he parroted that in his pleading, how can we say that he didn't know that if he actually put that in his pleadings? From the simple fact that he didn't, as I was saying to Judge Miller, that he didn't actually follow the standard, particularly by making generalized references without citation. How would the Rand notice change that? The Rand notice would have told him that he had to cite particular evidence in the record in order to, in order to then provide evidence that could contest the summary judgment motion. And the prejudice also extended to Mr. Edwards' ability to build a record regarding the actual Eighth Amendment violation. I do see that I'm coming up on my time, so I'll reserve the balance of my time. All right, thank you, Counsel. We'll hear from the state. Good morning, Your Honors. Good morning, Counsel. Thank you for the opportunity to present my very first oral argument before this court. May it please the court, my name is Myra Gray, Deputy Attorney General, here on behalf of Respondents Charles Daniels and William Hutchins. This appeal presents three legal issues for this court's consideration, and unless the court has a particular preference, I will begin with the issue of mootness. Mr. Edwards' appeal is moot, and this court should dismiss it for a lack of jurisdiction. Although the district court did not address the issue of mootness, mootness is a subject matter jurisdiction issue that may be addressed at any time. Mr. Edwards concedes that he's been transferred to another prison that does have fire sprinklers and smoke alarms. In Dilley, this court held that when a prisoner is transferred, he must demonstrate that he has a reasonable expectation that he would be subject again to these allegedly unconstitutional conditions. Otherwise, his claim- What about his claim for nominal damages? So let's assume that we agree with you that the claim may be moot as to the request for injunctive relief. But what about the fact that he has at least asserted some generalized claim for nominal damages? Yes, Your Honor. So as one of your honors previously noted, this case that Mr. Edwards cites to in support of nominal damages overcoming the issue of mootness, it's inapplicable here. The Supreme Court in that case had a very narrow holding, if and only if the first two elements of standing- I'm sorry, can you repeat? What case are you talking about? The Usenbaum case. That's the 2021 Supreme Court case that was referenced earlier by opposing counsel. That case simply is inapplicable here. It's distinguishable because in that case, the court held if and only if the first two elements of standing- that is, injury in fact, and that the injury is traceable to the challenge conduct- are not in dispute, then the third requirement of redressability may be met by a claim for nominal damages. Here, that is simply not the case. As your honors noted, the district court found that there was no constitutional violation. This is completely different from the plaintiff in that case. And furthermore, I would note that in the footnotes of that same case, there was a different plaintiff, and the Supreme Court expressly declined to address the issue of standing of that plaintiff because there was a question of fact- or a dispute, I apologize- as to whether or not the other two requirements for standing were met because it was not clear that there was a constitutional violation as to his claim. And so this case is just simply not applicable to Mr. Edwards, and his reliance is misplaced because it does not apply. I would also like to note for the court's record, because this issue goes to this court's subject matter jurisdiction, that there is currently a Nevada Public Works contract for the installation of fire sprinklers and smoke alarms at Southern Desert. Can we consider that evidence here on appeal? No, your honors, and I apologize. This contract was finalized after the briefing of this case was completed. But if your honors- It formed the basis of any decision that we make today. No, your honor, that is correct. However, even just considering this court's precedent in Dilley, it's very clear that a claim that a prisoner might be transferred at some point in the future is too speculative to prevent mootness. So even if this court were to consider that under Dilley, it's still not sufficient to overcome the issue of mootness. What about the argument regarding the claim for equitable remedies as defeating mootness? What's your response to that? Well, your honor, I mean, I know it's not in the record, but it is a fact that eventually Southern Desert will have fire sprinklers and smoke alarms, and so- Well, he said his equitable remedy is that he not be transferred to any cell that doesn't have the equipment that he desired. So why wouldn't that claim defeat a mootness argument? Well, your honor, it is very unlikely that Mr. Edwards would be transferred anyway. He's currently at High Desert, which is the maximum security prison in the state. There is no other prison that can house inmates who are maximum custody. He notes that he was changed from Ely to High Desert. However, that change occurred specifically because there was a change in designation. Previously, Ely State Prison was our maximum custody prison. That is no longer the case, and they've changed it now to High Desert. And so it is unlikely he'd have to change his custody status. And that's still even more tentative and even more speculative, which, again, under Dilley is insufficient. Does the record reflect who has authority to effectuate transfers? Yes, your honor. Well, that is actually a matter of law. As was noted previously, that is under Administrative Regulation 552. And so it's simply that those kinds of decisions are made by Offender Movement Management Division, and it is not up to random prison officials to make these decisions. It is done by a separate division.  Nancy, you mentioned the footnote at the end of the Iskobunum opinion. The nominal damages are unavailable when there isn't a past completed injury. So I take it your view then is that there is no, because there wasn't, in fact, a fire, that there was no past injury from having been subjected to an unreasonable, allegedly unconstitutional risk of fire. And is there, what authority would you point to for that? Yes, your honor. Well, the fact that the district court found that there was no constitutional violation, that at a minimum creates a dispute as to whether or not there was a past injury. The district court found that there was no constitutional violation and there was no objective serious risk of substantial harm. So even if there wasn't. That seems like a merits question, right? So for purposes of mootness, I mean, his allegation is that he was subjected to an unconstitutional risk of harm. And I think for you to say that it's moot and that nominal damages don't save it, I think you need to be able to say that, you know, having been subjected to an unconstitutional risk of harm for some period of time in the past is not a completed injury for which you can get nominal damages. So that's, is there a case that says that? No, your honor. But the majority of case law that has addressed the issue of fire safety in prisons has found that even under conditions that were less comprehensive than the fire safety measures that were in place at Southern Desert at the time, they've still found that it's insufficient to state a claim for a violation of conditions of confinement. In fact, this court in Klein, a 2017 case, expressly rejected a claim that was very similar to Mr. Edwards. In that case, your honors noted that an Eighth Amendment claim based on a prison's faulty fire alarm system fails because it did not sufficient, because the inmate did not suffer a sufficiently serious injury. And so as a matter of law, it just simply isn't enough. Before we leave the discussion of Zubin, but didn't the court in that case say that there had to be an established injury, in fact, in order for nominal damages to defeat mootness? And that would be done either by a concession of unconstitutionality or a determination by the court of unconstitutionality, correct? Correct, your honor. And that's exactly why we would, our position would be that it just, it's simply unavailing to Mr. Edwards to overcome the issue of mootness. But even if your honors were to disagree, and you were to find that you do have jurisdiction over this appeal, nonetheless, the respondents are entitled to qualified immunity. Although the district court did not address qualified immunity, this court may nonetheless make that determination in the first instance, as you did in Carly Villarenas, a 2024 published opinion. Well, counsel, if we decide not to do the issue of qualified immunity and we get to the merits of whether or not there was a constitutional violation, what's your response? Again, your honor, I would point that simply Mr. Edwards fails to show that he suffered a constitutional violation. He shows no objective risk of substantial harm. The district court properly noted that the fire safety measures that were in place at Southern Desert were enough. Notably, Southern Desert is and has always been in compliance with Nevada's fire codes, and it has been subject to fire safety inspections by the Nevada Fire Marshal every year. Again, the majority of case law addressing this issue has noted that under even less comprehensive measures than those in place at Southern Desert, there's still no constitutional violation. And so Mr. Edwards simply cannot establish an Eighth Amendment violation. Do we really even need to go that far? I mean, the district court also concluded that there was no evidence to show that these two individual defendants were involved in any way or participated in the alleged constitutional violation. So, so why is that not enough to, to resolve the claims at issue without having to go to the merits of the broader constitutional alleged violation? That's correct, your honor. That's another basis that this court may use to affirm the district court's decision. But, but opposing counsel says, because that was because the Rand notice didn't give the plaintiff enough direction, the lack of the Rand notice deprived him of the direction to put into the record personal participation. Yes, your honor. That's the problem with that argument. Well, your honor, Mr. Edwards' lack of Rand notice is harmless error. This court in Labitat specifically addressed and rejected this kind of  Nothing in the Rand notice would have given the plaintiff specific instructions on what more affidavits needed to make them competent evidence. So as your honor noted, it simply does not remedy the issue that Mr. Edwards is bringing up. It wouldn't have helped him and because it wouldn't have helped him, it's harmless error. Going back to the issue of personal participation, your honor is correct. The record does not show that respondents ever received written notice. Just to be clear. I'm not making that statement. I'm telling you that that's what the district court concluded. And I'm asking you why we wouldn't stop there as opposed to going further to the constitutional question. I apologize, your honor. That was not my intention. However, the district court did properly find that there was no personal participation. Simply mailing a letter to one of the respondents is not enough to complete the standard of subjective awareness to assert a constitutional violation. In Johnson v. Snyder, a Seventh Circuit case, there was an express holding that the fact that an inmate sends a letter to a defendant is a fact because there's no evidence that the director actually read the letter or had subjective awareness of the inmates condition. And so even if Mr. Edwards could establish that the respondents had authority, had notice, his claim still fails. He didn't send a letter to one of the defendants, correct? There's an allegation that he had in fact written a letter to, to one of the defendants, but not both. Is that right? That's correct. This was just Charles Daniels was one of the respondents, but not William Hutchins. But again, it's still insufficient because that doesn't mean that he actually had notice and the subjective awareness, which is required under the Eighth Amendment. But if we're drawing, I mean, we have to draw all inferences, or the district court and us reviewing it had to draw all inferences in favor of the non-moving party. And I mean, I guess you're saying the Seventh Circuit didn't think so, but it seems like a natural inference that a person who has sent the letter would then be aware of what the letter said, isn't it? Yes, Your Honor. But the issue here is that that letter doesn't have any stamp or any date. There's no indication that it was ever sent. And this is contrary to another letter that was sent to Warden Jerry Howell at the time. And so that's, that's the difference there, is that that letter actually did have the stampings and it had a date, and it even received a response, but there's no evidence that this letter was ever sent to the respondent. But aren't those factual disputes? Yes, Your Honor. But even if you were to disagree with me on the notice issue, they still, his claim still fails because, as was noted earlier, the respondent simply didn't have the authority to install the fire sprinklers and smoke detectors that Mr. Edwards wanted. Pursuant to NRS 33107, only the administrator of the Nevada Public Works Division has such authority. Under this court's decision in Peralta, this court declined to hold a public official liable when he lacked authority to address the alleged violation. A court cannot impute wrongdoing to an employee who himself has committed no wrong. As the respondents had no authority to install this fire sprinklers and smoke detectors, Mr. Edwards simply cannot establish that they were deliberately indifferent. But counsel, as a practical matter, the warden and the administrators could request from the administrator that those items be installed, correct? I'm not certain of that, but I won't disagree. And even assuming that that is the case, that they could have made the request and they didn't, his argument still fails. And this is because he cannot establish that the respondents acted unreasonably. The respondents relied on their compliance with the Nevada Fire Codes and the Nevada Fire States Marshal's yearly inspections to notify them of any fire safety risk issues. In Dittman v.  this court held that a public official is entitled to qualified immunity when he acts in reliance on a duly enacted statute or ordinance, is plainly violative of fundamental constitutional rights. And so he simply does not meet all the requirements to establish an Eighth Amendment claim. But even if he did, under qualified immunity, he also has to show that this violation was clearly established and it simply isn't. Mr. Edwards points to no authority that shows that the defendants should have been on notice that a lack of fire sprinklers and smoke alarms would have violated his Eighth Amendment rights. Again, this court inclined expressly rejected a very similar claim about a faulty prison fire alarm system. And so this court should affirm the district court's decision because Mr. Edwards has set forth no evidence that would establish a violation of a constitutional right, much less one that is clearly established as required to overcome qualified immunity. I see that my time is almost up, so I will briefly conclude, Your Honors. For the reasons explained in my oral argument today and set forth in my brief, this court should determine either that it lacks jurisdiction due to mootness, or that the respondents are entitled to qualified immunity as a matter of  There is no constitutional violation and no clearly established law. Finally, remand is not warranted due to a lack of RAND notice. As I explained, Mr. Edwards' lack of RAND notice was harmless error. It falls specifically into the exception that this court created in Labitat. And as such, reversal is not warranted in this case. All right. Thank you, Counsel. Rebuttal. Thank you, Your Honor. Just a few points in rebuttal. To the Uzabunim case, Uzabunim explains and held that a request for nominal damages satisfies the Article III concerns where the plaintiff's claim is based on a completed violation of a legal right. And as the Supreme Court explained in Helling v. McKinney, a claim can be based on a possible future harm and then seek damages. But what's the, I mean, there was a possible future harm, but now that it's passed, we know that there wasn't, there was no past harm, was there? Well, Your Honor, as the Supreme Court has also explained, prisoners don't have to wait for there to be an actual tragedy. No, of course not. They can seek conjunctive relief, but the Article III injury in fact requirement, when you're seeking damages for some past injury, there has to actually have been a past injury. So what was the injury in fact from the constitutional violation that, you know, as we now know, did not result in any actual harm? The injury in fact was the exposure to the potential harm at the time. And we submit that whether it be nominal damages or whether it be the remedy of the injunction preventing his being sent back to Southern Desert Correctional Facility would, the fact that he is, the fact that his claim is based on that at least satisfies Article III. And then the remaining questions are simply merits questions and remedies questions. And then this case ultimately exemplifies why this court adopted RAND and why it also doesn't engage in harmless error analysis to give him the opportunity to build a record. Thank you, Your Honors, unless there are further questions. Thank you. Thank you once again, Counsel, for taking this case pro bono. We really appreciate it. My pleasure, Your Honor. Thank you to both counsel for your helpful arguments. The case just argued is submitted for a decision by the court.
judges: RAWLINSON, MILLER, DESAI